LAW OFFICES OF ERIK BABCOCK
ERIK BABCOCK (Cal. 172517)
717 Washington St., 2d Floor
Oakland CA 94607
Tel: (510) 452-8400
Fax: (510) 452-8405
erik@babcocklawoffice.com

Attorney for Defendant
JARVIS TOUSSAINT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JARVIS TOUSSAINT,<br><br>Defendant. | Case No. 4:19-cr-00520-JSW<br><br>**NOTICE OF MOTION AND MOTION TO SUPPRESS EVIDENCE; MEMORANDUM IN SUPPORT OF MOTION; DECLARATIONS IN SUPPORT OF MOTION; REQUEST FOR EVIDENTIARY HEARING**<br><br>Date: September 29, 2020<br>Time: 11:00 a.m.<br>Place: Hon. Jeffrey S. White |

**TO: LEAH PAISNER, SPECIAL ASSISTANT UNITED STATES ATTORNEY:**

**PLEASE TAKE NOTICE** that on September 29, 2019 at 11:00 a.m., or as soon thereafter as the matter may be heard, whether in person or by zoom videoconferencing, before the Honorable Jeffrey S. White, Defendant Jarvis Toussaint will and hereby does move the court for an order suppressing as evidence anything seized from a Mercedes C300 that was being driven by Jarvis Toussaint on September 2, 2019, before he was detained and arrested by officers of the California Highway Patrol. This includes any physical evidence of a firearm and ammunition allegedly found in the vehicle, as well as any testimony regarding the same.

This motion is made pursuant to Rules 12 and 41 of the Federal Rules of Criminal Procedure on the ground that search of the vehicle was constitutionally unreasonable under the Fourth Amendment to the U.S. Constitution because the search was conducted without a search warrant, and the search did not qualify under any of the exceptions to the warrant requirement.

This motion is based on the instant Notice, the attached Memorandum and Declarations, the files and records in this case, and on such evidence and argument as may be presented at the hearing on the motion.

Defendant alerts the Court to the fact that an evidentiary hearing is being requested. Whether an evidentiary hearing will turn out to be necessary, however, will depend on the government's response to the instant motion.

DATED: August 18, 2020                              Respectfully submitted,


                                                    /S/Erik Babcock
                                                    ERIK BABCOCK
                                                    Attorney for Defendant TOUSSAINT

## MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS

**A. The Facts Justifying The Search According To The California Highway Patrol**

The discovery provided to the defense consists mostly of documentation from the California Highway Patrol ("CHP"), primarily a CHP Driving Under the Influence/Investigation report. See Declaration of Erik Babcock. The following summary of the facts in the discovery are based on counsel's review of the reports.

CHP Officer Hilger reports that he observed a black Mercedes C300 was speeding and passing other vehicles using all lanes on Southbound I-880 on September 2, 2019. He activated his patrol lights to stop the vehicle, which exited the freeway at Stevenson Blvd exit and stopped. The driver was identified as Jarvis Toussaint. Officer Hilger verified that Mr. Toussaint had a valid license. However, Hilger smelled alcohol and had Mr. Toussaint exit the vehicle to perform a series of field sobriety tests. At the conclusion of the tests, Mr. Toussaint was placed under arrest for driving under the influence of alcohol.

At some point CHP Officer Meza did a "field inventory search" of the vehicle. During that search, Meza found a loaded black Glock 22 pistol under the driver's side seat.

That gun, and the ammunition it contained, form the factual basis of the indictment in this case (as well as the trailing Form 12 in docket 12-cr-00407 alleging a violation of Mr. Toussaint's terms of supervised release).

**B. The Government Bears The Burden Of Proving The Legality of The Search of The Car Since There Was No Search Warrant**

The Fourth Amendment protects individuals against "unreasonable searches and seizures." U.S. Const. amend. IV. In order to conduct a search, police must either obtain a valid warrant or act pursuant to a recognized exception to the search warrant requirement. *Katz v. United States*, 389 U.S. 347, 356-57 (1967). "A warrantless search is unconstitutional unless the government demonstrates that it falls within certain established and well-defined exceptions to the warrant clause." *United States v. Brown*, 563 F.3d

410, 414 (9th Cir. 2009)(internal quotation marks and brackets omitted). The government bears the burden of persuading the Court that a warrantless search does not violate the Fourth Amendment. *Id*. at 415.[1]

Given the discovery, defendant does not expect the government to claim that the detention, arrest and search at issue here were conducted pursuant to a warrant.

Accordingly, the government bears the burden of proving to this Court that the warrantless conduct of the officers in this case fell within a recognized exception. *United States v. Johnson*, 936 F.2d 1082, 1084 (9th Cir. 1991) (per curiam).

### C. The Government Must Prove This Was A Valid Inventory Search In

There is no allegation in the discovery that Mr. Toussaint "consented" to a search of the vehicle, or that it was justified because the officers knew he was on supervised release. The only justification set forth in the CHP reports is that the search of the car was an "inventory" search.

Generally, if a vehicle has been properly impounded, the police may conduct an inventory search. *South Dakota v. Opperman,* 428 U.S. 364, 369 (1975). The reasons for conducting the inventory search are threefold: (1) the protection of the vehicle owner's property; (2) the protection of police against claims by the owner; and (3) the protection of the police from potential danger. *Id.* However, in order to ensure that the inventory search is "limited in scope to the extent necessary to carry out the caretaking function," it must be carried out in accordance with the standard procedures of the local police department. *Opperman*, 428 U.S. at 375; *see also Colorado v. Bertine*, 479 U.S. 367, 374 n.6 (1987).

---

[1] A person is "seized" within the meaning of the Fourth Amendment when "by means of physical force or a show of authority, his freedom of movement is restrained." *United States v. Mendenhall*, 446 U.S. 544, 553-54 (1980). When the CHP stopped Mr. Toussaint he was not free to leave and was thus "seized" within the meaning of the Fourth Amendment.

*Opperman* and *Bertine* make clear, the *federal* law on inventory searches by state or local police officers is that they must be conducted in accordance with the official policy and procedure of the relevant *state or local* police department. *See also United States v. Woolbright,* 831 F.2d 1390, 1394 (8th Cir. 1988)(validity of inventory search performed by county police officers determined by considering county police procedures).

Whether an impoundment is reasonable and warranted under the community caretaking doctrine depends on "the location of the vehicle and the police officers' duty to prevent it from creating a hazard to other drivers or being a target for vandalism or theft." *Miranda v. City of Cornelius*, 429 F.3d 858, 864 (9th Cir. 2005). In *City of Cornelius*, the Ninth Circuit held that "[t]he violation of a traffic regulation justifies impoundment of a vehicle if the driver is unable to remove the vehicle from a public location without continuing its illegal operation." *Id.* at 865. The government "bears the burden of establishing that a vehicle's impoundment and search are justified" under the exception to the warrant requirement. *United States v. Torres* 828 F.3d 1113, 1118 (9th Cir. 2016).

Here, the CHP claimed that the search of Mr. Toussaint's vehicle was a "field inventory search." However, no specific information was documented in the reports that would show the search of Mr. Toussaint's vehicle met the criteria established in *Opperman*. That is, there was no facts reported or documented about whether the CHP has an inventory policy, and whether the search at issue met the terms of that policy. To meet its burden of proving the validity of the warrantless search here, the government must prove that the search of the vehicle was conducted in accordance with standard impoundment and inventory procedures of the California Highway Patrol and met the criteria set forth in those policies.

///

///

///

**CONCLUSION**

Defendant asserts the search of his car was without a warrant and is presumptively unlawful. Unless the government can meet its burden of proving this was a valid inventory search, or qualified under another exception to the warrant requirement, the Court must order all products of the search of Mr. Toussaint's vehicle on September 2, 2020 suppressed.

DATED:  August 18, 2020                                    Respectfully submitted,


                                                           /S/Erik Babcock
                                                           ERIK BABCOCK
                                                           Attorney for Defendant TOUSSAINT

**DECLARATION OF ERIK BABCOCK IN SUPPORT OF
DEFENDANT TOUSSAINTT'S MOTION TO SUPPRESS**

I, Erik Babcock, declare as follows:

1.  I am an attorney duly admitted to practice in this Court.  I was appointed pursuant to the Criminal Justice Act to represent Defendant Jarvis Toussaint;

2.  I am informed and believe that the facts set forth above in Section A of the Memorandum above are true and correct based on my review of the discovery provided in this case.  Specifically, the government provided me with a California Highway Patrol Driving Under the Influence/ Investigation report, as well as a supplemental report by Officer Meza, and related documents in CHP file number F-764-3456-19.   The facts set forth above are a summary based on my review of those documents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 18th day of August, 2020 at Oakland, California.

/S/Erik Babcock
ERIK BABCOCK
Attorney for Defendant TOUSSAINT